**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES C. MOORE,

       Petitioner-Appellant,

v.

HASKELL HIGGINS, Warden,

       Respondent-Appellee.

No. 05-6277

(D.C. No. 04-CV-1735-F)

(W.D. Okla.)

**ORDER**

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

Petitioner, a state prisoner appearing pro se, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently in the custody of the Oklahoma Department of Corrections. He challenged the result of a prison disciplinary hearing at which he was found guilty of Group Disruptive Behavior. Because of the disciplinary action, Petitioner lost 365 days of earned credit and was reassigned to a more restrictive incarceration level. Petitioner contends that the prison officials failed to provide evidence to support the conviction, that the prison authorities violated his First Amendment right to freedom of speech by punishing him for voicing his opinion, that his due process rights were violated when he was denied a staff representative to assist with the

preparation of his defense, and that he was denied access to the courts when he was placed in segregation without access to legal materials. The magistrate judge recommended that Petitioner's habeas petition be denied and that his First Amendment claim be dismissed without prejudice because it would properly be raised in a civil rights action under 28 U.S.C. § 1983. After consideration of Petitioner's objections, the district court adopted the magistrate judge's recommendation, and Petitioner now appeals from the district court's order.

The magistrate judge acknowledged that Petitioner was entitled to due process protection in his prison disciplinary proceeding. *See* Report and Recommendation, 3 (W.D. Okla. July 20, 2005). However, the magistrate judge reasoned that the evidence presented supported Petitioner's conviction: "In this case, the finding of guilt was based on statement by two reporting officers who reported that the inmate population became restless after Petitioner challenged the first reporting officer in a loud voice regarding whether the inmates would be served breakfast before they had to report to work." *Id*. at 4.

As to Petitioner's claims that he was not granted access to legal material while in segregation and that no counsel was appointed to assist him in preparation of his defense, the magistrate judge did not determine that due process had been violated. "In [*Wolff v. McDonnell*, 418 U.S. 539, 570 (1974)], however, the Court refused to find that prisoners have the right to counsel in

-2-

prison disciplinary proceedings . . . . Under the circumstances in this case, Petitioner received the due process he was due." *Id*. at 5-6 (internal citations omitted).

The district court adopted the recommendations of the magistrate judge in an order of August 11, 2005. The district court also issued an order denying a certificate of appealability on August 29, 2005. The issues Petitioner raises on appeal are identical to those brought before the district court.

To grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Petitioner's brief, the district court's disposition, the magistrate judge's recommendation, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the magistrate judge and adopted by the district court in its orders of August 11 and 29, 2005, we cannot say "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge